UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
JASON STIERHOFF, et al.,                :
                                        :   Case No. 1:20-cv-1289
    Plaintiffs,                         :
                                        :
                                        :
vs.                                     :   OPINION & ORDER
                                        :   [Resolving Docs. 29, 31, 32, 33,
                                        :   38]
21st MORTGAGE CORP., et al.,            :
                                        :
    Defendants.                         :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In May 2007, Plaintiffs Jason and Tammy Stierhoff took out a high-interest $80,000 second mortgage secured by their Bellevue, Ohio home. Plaintiffs Stierhoff entered the note and mortgage agreement with GMAC Mortgage, LLC.[1] In February 2013, GMAC became defunct, and Plaintiffs' mortgage was assigned to Defendant Knoxville 2012 Trust. At the same time, Defendant 21st Mortgage Corp began servicing the mortgage.[2]

In April 2015, Plaintiffs sent a letter to Defendants, requesting documents showing that Defendants were the true holder of Plaintiffs' second mortgage note.[3] At the time of the April 2015 document request, Plaintiffs were current on the second-mortgage payments.

In response to the document request, Defendants admit they provided Plaintiffs with incorrect mortgage documents.[4] Unsatisfied with Defendants' responses, Plaintiffs stopped

---

[1] Doc. 7 at 33.
[2] *Id.*
[3] *Id.* at 23.
[4] Doc. 37 at 1.

Case No. 1:20-cv-1289
Gwin, J.

making second-mortgage payments.[5] However, Plaintiffs have apparently kept current on the first-mortgage payments.

On June 11, 2020, Plaintiffs filed suit in this Court, claiming that Defendants violated state and federal mortgage law by sending incorrect mortgage information and asking this Court to issue a judgment declaring that "neither Defendant is the holder of the Note, or otherwise entitled to enforce it."[6] Plaintiffs also request compensatory and punitive damages for Defendants' arguable state and federal mortgage law violations.[7]

After this case was filed, on November 16, 2020, Defendants filed a Seneca County foreclosure case against Plaintiffs.[8] However, Defendants ultimately dismissed that case on January 12, 2021.[9]

On January 26, 2021, the Court held a case management conference.[10] Consistent with its regular policy, the Court established the February 8, 2021 pleading amendment cut-off date.[11] But the Court told the parties it would consider motions to amend pleadings after the deadline if the moving party showed good cause to justify the later amendment.

On February 8, 2021, the pleading amendment deadline, Defendants filed counterclaims, requesting a judgment declaring that they are the valid assignees of Plaintiffs' second mortgage, declaring that Plaintiffs are in default under the second mortgage, and initiating foreclosure proceedings on Plaintiffs' home.[12]

---

[5] Doc. 7 at 120.
[6] *Id.* at 12.
[7] *Id.*
[8] Doc. 44 at 2.
[9] *Id.*
[10] Doc. 19 at 1.
[11] *Id.*
[12] Doc. 20 at 9–12.

-2-

Case No. 1:20-cv-1289
Gwin, J.

On April 9, 2021, Plaintiffs took the deposition of Jeff Warkins, an employee of Defendant 21st Mortgage.[13] During the Warkins deposition, Plaintiffs learned new details about the amortization of their mortgage that Plaintiffs believe support their claims.[14]

On May 11, 2021, a day after the parties exchanged responsive summary judgment briefs, Plaintiffs filed a motion for leave to amend their complaint.[15] The proposed amended complaint does not add any new claims or defenses; rather, it briefly covers the amortization information Plaintiffs learned from the Warkins deposition and the Seneca County foreclosure proceedings.[16] Defendants oppose the amendment.[17]

The Court now takes up the cross-motions for summary judgment and Plaintiffs' motion to amend.

Starting with summary judgment, at the May 19, 2021 status conference, the Court expressed its belief that this case is best resolved through a trial—likely a very short trial—rather than at summary judgment.[18] In setting this case for trial, the Court advised that the parties could incorporate any summary judgment arguments into motions for directed verdicts. The parties expressed no objection. Therefore, the parties' cross-motions for summary judgment are **DENIED**, and this case is now set for a June 21, 2021 jury trial.

---

[13] Doc. 38-1 at 6–9.
[14] *Id.*
[15] Doc. 38.
[16] Doc. 38-1 at 6–9.
[17] Doc. 44.
[18] *Iron Workers' Local No. 25 Pension Fund v. Keys*, 18-cv-10547, at *2 (E.D. Mich. Mar. 16, 2020) ("Even if the Court were to find that the parties had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion." (citing *United States v. Certain Real and Personal Prop Belonging to Hayes*, 943 F.2d 1292 (11th Cir. 1991))).

Case No. 1:20-cv-1289
Gwin, J.

As for the motion to amend, Plaintiffs correctly point out that a plaintiff may amend his complaint initially as of right, or, later in the litigation, with his opponent's consent or "freely given" court leave.[19] Federal Rule of Civil Procedure 16, however, requires a district court to establish amendment dates in a scheduling order.[20] Pleading amendments beyond the scheduled deadline, unlike their earlier counterparts, require good cause.[21]

In finding good cause excusing amendment delays, courts primarily consider "the moving party's diligence in attempting to meet the scheduling order's requirements."[22] But "delay alone . . . is not enough to bar [amendment] if the other party is not prejudiced."[23] Courts therefore also weigh possible prejudice to the opposing party.[24]

The Court believes that Plaintiffs exercised reasonable diligence in moving to amend the complaint, especially given this case's short timeline, and that any prejudice to Defendants from allowing the amendments would be slight.

Regarding the amortization amendments, Plaintiffs moved to amend within a month of the Warkins deposition, hardly a delay justifying barring an amendment. And while the foreclosure proceeding amendments present a closer question, the Court will also allow them.

True, the Seneca County proceedings had run their course by January 12, 2021.[25] But Defendants first filed a foreclosure counterclaim on the February 8, 2021 pleading

---

[19] Fed. R. Civ. P. 15(a)(1).
[20] *In re Nat'l Prescrip. Opiate Litig.*, 956 F.3d 838, 843 (6th Cir. 2020); Fed. R. Civ. P. 16(b)(1), (b)(3)(A).
[21] *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).
[22] *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020).
[23] *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008).
[24] *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).
[25] Doc. 44 at 2.

-4-

Case No. 1:20-cv-1289
Gwin, J.

amendment deadline. A three-month delay in filing an amendment in response, while not insignificant, is a far-cry from the much longer delays in cases where the Sixth Circuit has affirmed district court denials of leave to amend.[26]

Further, any prejudice to Defendants is slight. After all, the proposed complaint additions come directly from information Plaintiffs obtained from Defendants during this case's lifespan. Because Defendants have long been in possession of this information, the need for further litigation delay is unlikely.

For these reasons, the Court **DENIES** the parties' cross-motions for summary judgment and **GRANTS** Plaintiffs' motion for leave to amend the complaint.

IT IS SO ORDERED

Dated: June 9, 2021        *s/    James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[26] *See, e.g., In re Nat'l Prescrip. Opiate Litig.*, 956 F.3d at 842 (18-month delay); *Leary*, 349 F.3d at 907 (two-year delay).